IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| MARVIN CALDER, <br> Plaintiff, <br><br> v. <br><br> UNITED STATES of AMERICA, *et al.*, <br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 10-cv-00369-AW <br> * <br> * <br> * <br> * |

**MEMORANDUM OPINION**

The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant Motion. Based on a review of these materials, no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court **DENIES** Defendant United States Motion to Dismiss. (Doc. No. 30).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2010, Plaintiff Marvin Calder brought the instant action against Defendant United States of America ("United States" or "Government"). Subsequently, Plaintiff filed an Amended Complaint on September 15, 2010 against United States and three additional defendants: J.S. Lafoon Company, Inc., SI International, Inc., and Serco, Inc. ("Defendants"). Serco, Inc. was voluntarily dismissed from this matter on December 6, 2010. (Doc. No. 32). Plaintiff's Complaint includes a personal injury action against the United States and Defendants alleging negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq*.

The conduct giving rise to this action will be briefly discussed in light most favorable to the Plaintiff. On August 29, 2007, Plaintiff, a resident of Maryland, made a delivery to Building 1 of the James A. Shannon Building at the National Institutes of Health ("NIH"). While the Plaintiff unloaded

his truck onto the loading dock, the dock collapsed causing the Plaintiff to fall to the ground and suffer injury. On September 15, 2008, Plaintiff filed an administrative claim with the Department of Health and Human Services. The Agency did not take final action on the administrative claim within six months of filing and thus, Plaintiff filed the Complaint in this Court on February 17, 2010.

On November 16, 2010, Defendant United States filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, and 12(b)(1), for lack of subject matter jurisdiction. The motion seeks dismissal on the grounds that the Court lacks subject matter jurisdiction because any negligence not committed by Plaintiff was committed by independent contractors SI International, Inc. (in 2008 Serco, Inc. acquired "SI International") and/or J.S. Lafoon Company, Inc. ("J.S. Lafoon"). Under the FTCA, the United States retains immunity for injuries caused by the acts or omissions of independent contractors performing work for the government.

In support of its motion, the Government provided documentation regarding the nature of the relationship between NIH and the independent contractors at issue. Specifically, the motion claims that NIH outsources all aspects of the operation, management, repair, maintenance and inspection of loading docks and loading dock equipment, such as lifts, to independent contractors. It claims that the United States had a contractual relationship with SI International in operation at the time of the incident. Pursuant to the contract, the United States alleges that it retained SI International to perform repair and maintenance services on loading docks on the premises of NIH. The United States also had a contractual relationship with J.S. Lafoon in operation at the time of the incident. Pursuant to that contract, the United States retained J.S. Lafoon to perform maintenance services on roll-up doors and dock board systems on NIH campus, including the lift at Building 1. As a result of these contractual relationships, the United States claims that it is immune from liability under the FTCA because any negligence not committed by Plaintiff was committed by independent contractors SI International and/or J.S. Lafoon.

Plaintiff and Defendant SI International have each filed oppositions to the Government's motion. Plaintiff requests that the motion be denied in order to allow for further investigation into which party was responsible for ensuring the safety standards of the loading dock in question. Defendant SI International claims that the Government's motion is premature pending discovery. It claims that the Government's assertion regarding which entity controlled the dock is an issue of genuine dispute. Specifically, based on evidence SI International has submitted to this Court in the form of an affidavit, it asserts that the Government was responsibility for the maintenance and repair of the loading dock.

## II. <u>STANDARD OF REVIEW</u>

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The party asserting jurisdiction carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether jurisdiction exists, the district court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Motions to dismiss for lack of subject matter jurisdiction are appropriate where a claim fails to assert facts upon which jurisdiction may be based. *See Crosten v. Kamauf*, 932 F.Supp. 676, 679 (D. Md. 1996).

## III. <u>ANALYSIS</u>

Under the discretionary function exception of the Federal Tort Claims Act ("FTCA"), the Government permits actions for damages against the United States for injuries caused by the tortuous conduct of United States agents or employees acting within the scope of their employment. *See* 28 U.S.C.A. § 1346(b) (West 1993); s*ee also United States v. S.A. Empresa de*

*Viacao Aerea Rio Grandense (Varig Airlines),* 467 U.S. 797, 807-08 (1984). However, if the tortuous conduct was performed by an independent contractor and not an agent or employee of the United States, the United States does not waive its sovereign immunity under the FTCA with respect to injuries caused by alleged improper maintenance. *Williams v. United States*, 50 F.3d 299, 304-05 (1995). Thus, such suits are subject to dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *Id.*

A plaintiff who sues the United States under the FTCA bears the burden of persuasion if subject-matter jurisdiction is challenged, because a party who sues the United States bears the burden of pointing to unequivocal waiver of immunity. *Id.* In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the Court may consider evidence beyond the scope of the pleadings to resolve factual disputes. *Id.* However, the district court should grant the motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991)).

In this case, the material jurisdictional facts rest on the terms of the contract defining the scope of responsibility regarding the maintenance and repair of the loading dock in question. Specifically, it rests on whether the alleged negligence was committed by the Government or an independent contractor. If the alleged negligence was a result of actions performed by an independent contractor, as the United States asserts, the United States has not waived its sovereign immunity; accordingly, the case should be dismissed for want of jurisdiction under Rule 12(b)(1).

However, at this time, the Court cannot conclusively determine which entity bore the

responsibility for the maintenance and repair of the loading dock in question.  Documentation submitted by the Government clearly shows that a contractual relationship existed between the Government and SI International, as well as the Government and J.S. Lafoon.  *See* Motion to Dismiss by Government, Calder v. United States, et al., No. AW-10-369 (D. Md. 2010) (exhibits 2-6, naming SI International and J.S. Lafoon as "Contractors" responsible for the "operation and management" and of the loading dock of NIH Building 1).  While the Court is able to make the limited finding that Defendants SI International and J.S. Lafoon were in fact independent contractors and not agents or employees of the United States at the time of the incident, the Court is not able to determine which entity was responsible for the maintenance, repair and safety of the loading dock.

It appears to the Court that based on the broad language of the contracts, granting a motion to dismiss for lack of subject matter jurisdiction would be premature at this stage of the suit.  In this case, the question of jurisdiction is dependant on whether or not the Government was responsible for maintenance of the dock.  While the language contained in the contract between the Government and the Contractors is extremely detailed in some areas, in the sections that cover responsibility for ensuring that the loading dock functions properly and safely, the language is broadly construed.  Moreover, the meaning of that language is genuinely disputed by the Plaintiff and Defendant SI International.  As a result, before the Court can absolve the Government of liability under a 12(b)(1) dismissal, the Court believes that additional discovery and arguments are necessary to further illuminate which entity was responsible for the maintenance and safety of the loading dock where the alleged negligence occurred.

### IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant United States' Preliminary

Motions to Dismiss. A separate Order will follow and the Court will issue a scheduling order.

Date:   February 14, 2011                              /s/
                                        Alexander Williams, Jr.
                                        United States District Court